*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHEYENNE BYARD, and DAKOTA BYARD-WHALIN,

Plaintiffs-Appellees,

v

SAMAR KHAZAALI,

Defendant-Appellant,

and

CITY OF DETROIT, FARMERS INSURANCE EXCHANGE, MICHIGAN ASSIGNED CLAIMS PLAN, and MICHIGAN AUTOMOBILE INSURANCE PLACEMENT FACILITY,

Defendants.

UNPUBLISHED
May 13, 2026
11:46 AM

No. 374368
Wayne Circuit Court
LC No. 23-012101-NI

Before: BORRELLO, P.J., and M. J. KELLY and ACKERMAN, JJ.

PER CURIAM.

Defendant, Detroit Police Officer Samar Khazaali, appeals as of right the trial court order denying her motion for summary disposition. For the reasons stated in this opinion, we reverse.

## I. BASIC FACTS

This case arises from a motor-vehicle crash between a police cruiser operated by Officer Khazaali, who was on duty and leaving the scene of an emergency call, and a vehicle operated by Alyssa Maldonado. Plaintiffs, Cheyenne Byard and Dakota Byard-Whalin, were passengers in Maldonado's vehicle. The circumstances leading to the crash are undisputed. Officer Khazaali was parked near the intersection of Fort Street and Rosa Parks Boulevard in Detroit. As she pulled into the roadway, she changed lanes and struck the vehicle driven by Maldonado, which had just proceeded through the intersection. Officer Khazaali's emergency lights were not activated until

-1-

after the crash. Maldonado's vehicle was pushed into the left turn lane by the impact. She turned her vehicle around and parked it following the crash. Other officers who had responded to the earlier emergency call spoke with them. Officer Khazaali, who remained in her vehicle, made several statements that were captured by her bodycam, including that she had "hit" a car while at work while changing lanes and that she "literally did not see them" before hitting them. She stated that she was "disappointed," noting that she had "fuck up after fuck up" and that she had "just got back and this happens." Officer Khazaali could not recall if she used her turn signal before attempting to change lanes. Nothing in the record indicates that either vehicle was traveling at an inappropriate speed when the incident took place.

Relevant to this appeal, plaintiffs brought suit against Officer Khazaali, alleging gross negligence. After discovery concluded, Officer Khazaali moved for summary disposition under MCR 2.116(C)(7) and (10), arguing that plaintiffs had failed to allege sufficient facts to support a finding that her conduct amounted to gross negligence. Following oral argument on the motion, the trial court concluded that there was a question of fact regarding whether Officer Khazaali's conduct was grossly negligent, so it denied the motion. This appeal follows.

## II. SUMMARY DISPOSITION

## A. STANDARD OF REVIEW

Officer Khazaali argues that the trial court erred by denying her motion for summary disposition because it incorrectly determined that a genuine issue of fact existed as to whether she had engaged in gross negligence. We review de novo the denial of a motion for summary disposition. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "De novo review means that we review the legal issue independently, without any required deference to the courts below." *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Gen Motors Corp*, 469 Mich at 183. In reviewing a (C)(10) motion, the evidence must be viewed in the light most favorable to the non-moving party. *Id*. Summary disposition is appropriate under MCR 2.116(C)(7) if a party's claim is barred by immunity granted by law. *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). When reviewing a (C)(7) motion, we "must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Id*. at 428-429. "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact." *Id*. at 429. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Gen Motors Corp*, 469 Mich at 183.

## B. ANALYSIS

The governmental tort liability act (GTLA), MCL 691.1401 *et seq*. provides that governmental employees "are generally immune from tort liability when they are engaged in the exercise or discharge of a governmental function." *Ray v Swager*, 510 Mich 52, 62; 903 NW2d 366 (2017). An exception to that immunity, however, is set forth in MCL 691.1407(2), which provides:

(2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency . . . is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

Here, it is uncontested Officer Khazaali was engaged in a governmental function and was acting within the scope of her authority at the time of the crash. As such, the only dispute is whether her conduct amounted to gross negligence.

The GTLA defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL 691.1407(8)(a). "The plain language of the governmental immunity statute indicates that the Legislature limited employee liability to situations where the contested conduct was substantially more than negligent." *Maiden v Rozwood*, 461 Mich 109, 122; 597 NW2d 817 (1999). When no reasonable person could conclude a government employee was grossly negligent, summary disposition is appropriate. *Tarlea v Crabtree*, 263 Mich App 80, 88; 687 NW2d 333 (2004). Further, "[s]imply alleging that an actor could have done more is insufficient under Michigan law, because, with the benefit of hindsight, a claim can always be made that extra precautions could have influenced the result." *Id*. at 90.

Here, Officer Khazaali pulled from a parked position into the roadway and attempted to change lanes without looking and without using her turn signal. She was not traveling at an excessive rate of speed, it was a clear night, and there were few cars traveling on the road at the time. Although her emergency lights were not activated, there is nothing to suggest that there was a need for her to have those lights on when changing lanes. Even viewed in the light most favorable to plaintiffs, Officer Khazaali's conduct is not so reckless as to demonstrate a substantial lack of concern for whether an injury results. Thus, although Officer Khazaali was negligent, her conduct does not rise to the level of gross negligence.[1] Consequently, the trial court erred by denying her motion for summary disposition.

---

[1] Plaintiffs largely rely on unpublished opinions for their assertion that a question of fact exists. Unpublished opinions, while sometimes useful in a persuasive capacity, have no precedential value and are not binding upon this Court. *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017). We do not find the cases cited by plaintiffs to be persuasive.

Reversed and remanded for entry of an order granting Officer Khazaali's motion for summary disposition. We do not retain jurisdiction. Officer Khazaali, as the prevailing party, may tax costs. MCR 7.219(A).

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ Matthew S. Ackerman